# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Timothy Belle,**
**Petitioner Below, Petitioner**

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0913** (Ohio County 14-C-242)

**Shawn Staughn, Administrator,**
**Northern Regional Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Belle, by counsel Edward L. Bullman, appeals the Circuit Court of Ohio County's August 19, 2015, order that denied his petition for writ of habeas corpus. The Administrator of the Northern Regional Jail, Shawn Staughn, by counsel Nic Dalton, filed a response in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in denying his request for habeas relief because he received ineffective assistance of trial counsel and his guilty plea was involuntary due to counsel's ineffectiveness.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, an Ohio County grand jury indicted petitioner on one count of first-degree robbery, in violation of West Virginia Code § 61-2-12, and one count of breaking without entering, in violation of West Virginia Code § 61-3-12.

In November of 2013, petitioner's counsel sent him a three-page letter regarding his case and a plea offer made by the State.[2] The letter indicated that counsel believed that petitioner was

---

[1]Petitioner originally listed Karen Pszczolkowski, Warden of the Northern Correctional Center, as respondent in this matter. However, petitioner is no longer housed at the Northern Correctional Center and is, instead, housed at the Northern Regional Jail. Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the correct public officer has been substituted as the respondent in this action.

[2]Petitioner was initially represented by Keith Hart. Mr. Hart moved to withdraw as counsel due to a breakdown in communications with his client. Mr. Hart's motion was granted and Kevin Neiswonger was appointed to represent petitioner on September 9, 2013.

making a "good decision" by entering into the plea agreement and that the plea agreement was in petitioner's "best interest." Thereafter, petitioner pled guilty to one count of second-degree robbery, a lesser included offense of first-degree robbery, and admitted that he had a previous felony conviction. The State dismissed the single count of breaking without entering and agreed not to file a life recidivist information against him. The parties agreed upon a recommended sentence of not less than ten years nor more than eighteen years of incarceration. Petitioner was sentenced to terms of incarceration of not less than five nor more than eighteen years for the second-degree robbery conviction and a one-time recidivist sentence of five years, for an effective sentence of not less than ten years nor more than eighteen years of incarceration.

In August of 2014, after his conviction and sentencing, petitioner filed a pro se petition for habeas corpus relief with the circuit court alleging (1) ineffective assistance of trial counsel; and (2) that his guilty plea was involuntary due to counsel's ineffectiveness. John Jurco was appointed to represent petitioner on August 25, 2014. In October of 2014, Mr. Jurco moved to withdraw as petitioner's counsel based on petitioner's assertion that he no longer wanted Mr. Jurco to represent him. The circuit court denied that motion in December of 2014, and Mr. Jurco continued to represent petitioner throughout the proceeding. In February of 2015, petitioner filed an amended habeas petition wherein he alleged that his trial counsel was ineffective because counsel overstated the "strength of the State's case" and that counsel should not have recommended a plea in petitioner's case.

In July of 2015, the circuit court held an omnibus evidentiary hearing wherein only petitioner testified. Petitioner testified regarding the aforementioned letter he received from counsel. Petitioner contended that his trial counsel overstated the strength of the State's case against him and that the case against him was not as "overwhelming" as counsel indicated. Petitioner also testified that he disagreed with counsel's assessment that petitioner "[did not] have a case" because, according to petitioner, the victim made several inconsistent statements to the police. Petitioner further testified that he only accepted the plea agreement because of his counsel's advice and opinion that petitioner had "no defense" to the crimes charged. Following an omnibus evidentiary hearing, the circuit court entered an order on August 19, 2015, denying petitioner's petition for writ of habeas corpus. This appeal followed.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

2

On appeal, petitioner argues that the circuit court erred in denying habeas relief based on his claim that his trial counsel was constitutionally ineffective and that the guilty plea was involuntary because of counsel's ineffectiveness. We do not agree. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the error alleged in this appeal, which were also argued below. According to the record on appeal, petitioner was the only witness to testify at the omnibus evidentiary hearing. He failed to offer any factual support to his allegations that counsel was ineffective other than his self-serving claim that the "alleged inconsistencies would have caused the jury to find reasonable doubt." Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's August 19, 2015, "Order Denying Petitioner's Amended Petition Following Omnibus Hearing" to this memorandum decision.

For the foregoing reasons, the circuit court's August 19, 2015, order denying petitioner's request for habeas relief is hereby affirmed.

Affirmed.

**ISSUED**:  March 13, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA ex rel
TIMOTHY BELLE,
      Petitioner,

v.
                                  CIVIL ACTION NO. 14-C-242
                                  Judge David J. Sims

KAREN PSZCZOLKOWSKI, WARDEN,
NORTHERN CORRECTIONAL FACILITY
      Respondent.

## ORDER DENYING PETITIONER'S AMENDED PETITION FOLLOWING OMNIBUS HEARING

This matter comes before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus. After carefully considering all of the evidence, the record of Petitioner's trial, the testimony provided at the omnibus hearing, and relevant legal authority, for reasons explained in the following Opinion, the Court has concluded that Petitioner has failed to establish a basis for the relief requested in his Amended Petition.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted by the Ohio County Grand Jury on May 13, 2013, for one count of Robbery in the First Degree and one count of Entering without Breaking. Petitioner initially was represented by Keith Hart, Esq. Mr. Hart filed a motion challenging the "show up" identification of Petitioner which motion was denied after an evidentiary hearing. Mr. Hart subsequently moved to withdraw as counsel due to a breakdown in communications, which Motion was granted. Kevin Neiswonger was appointed to represent Petitioner on September 9, 2013.

- 1 -

After Mr. Neiswonger's appointment, Petitioner agreed to plead guilty to Robbery in the Second Degree, a lesser included offense, and admit that he had previously been convicted of a felony. In exchange, the State agreed to dismiss the count of Entering without Breaking and agreed not file a life recidivist information against Petitioner. The parties agreed upon a recommended sentence of not less than 10, nor more than 18 years, in the custody of the Division of Corrections.

On November 21, 2013, Petitioner pleaded guilty to Robbery in the Second Degree by way of an "*Alford/Kennedy*" style plea and admitted to a prior felony conviction. Petitioner was sentenced to not less than 5, nor more than 18 years, for the Robbery in the Second Degree conviction, and a one-time recidivist sentence of 5 years, for an effective sentence of not less than 10 nor more than 18 years in the in the custody of the Division of Corrections.

Prior to Petitioner entering his plea, Mr. Neiswonger sent Petitioner a detailed three-page letter regarding his case and the plea offer. Mr. Neiswonger indicated in the letter that he believed Petitioner was making a good decision by entering into the plea agreement and that the plea agreement was in his best interests. Said letter was made a part of the record during Petitioner's omnibus evidentiary hearing held on July 13, 2015.

Petitioner filed his *pro se* Petition on August 22, 2014. John Jurco, Esq. was appointed to represent Petitioner on August 25, 2014. On October 24, 2014, Mr. Jurco moved to withdraw as counsel for Petitioner on the basis that Petitioner no longer wanted Mr. Jurco representing him. A hearing was held on the Motion on December 2, 2014, after which the Court denied the said motion.

-2-

Petitioner filed his Amended Petition and *Losh* list on February 26, 2015. The State filed its response on April 10, 2015. An omnibus hearing was held on July 13, 2015. Petitioner was the only witness to testify.

The victim, Thomas Beihl, provided a brief, written statement the day of the incident, September 7, 2012, and also testified at a suppression hearing held on July 11, 2013. Mr. Beihl testified that on September 7, 2012, he went outside his home and was approached by a man who asked for a glass of water. Mr. Beihl took the man to the side of his house where his hose was located. The man asked for a glass of water from the house. Mr. Beihl refused and told the man to take a drink from the hose. The man took a drink from the hose and then spit it out. The man left at that point. Mr. Beihl testified that this interaction took 5 or 10 minutes.

Mr. Beihl then went around to the back of his house and began pulling weeds. He went back into his house to retrieve a bag to put his weeds in and saw the man with a robe over half of his face. Mr. Beihl testified that it was the same man who had just asked for a drink of water. Mr. Beihl further testified that he was a black man wearing a white shirt and dark pants. The man asked for Mr. Beihl's money and when Mr. Beihl told him he didn't have any money, the man pushed Mr. Beihl down onto the couch. Mr. Beihl testified that he got up but was pushed back down again. Mr. Beihl then went to get his wallet. The man took Mr. Beihl's money and wallet and left. Mr. Beihl testified that the interaction in the house took 10 to 15 minutes. Mr. Beihl followed the man and called 9-1-1 after he left. After the police arrived, Mr. Beihl was taken to a location where the man was being held in order to provide identification.

Sergeant Kevin Kettler also testified at the suppression hearing. Sergeant Kettler was on patrol when he saw a subject exit 3942 Wood Street. Sergeant Kettler testified that he exited the

- 3 -

residence in a "hurried fashion." He testified that it was a black male with a white t-shirt and dark colored shorts. He also testified that the man was bald. Sergeant Kettler watched him in his rear view mirror to see where he went. Sergeant Kettler testified that he was going to turn his vehicle around to see where the man went when he received a call from dispatch regarding the robbery. Sergeant Kettler received word that a robbery had just occurred at the address where he saw the man exit. Sergeant Kettler then saw the same man riding a bicycle in an alley. Sergeant Kettler stopped the man and asked him to put his hands on the car. Sergeant Kettler handcuffed the man and placed him in his cruiser. Sergeant Kettler watched the man lean forward and look around. Sergeant Kettler then saw the man take things out of his pocket and throw them on the floor attempting to kick them under the seat. Sergeant Kettler retrieved the items under the seat which included a watch and cell phone. Sergeant Kettler took note of a few of the contacts in the phone before logging it into evidence. Mr. Beihl called about 10 minutes later and asked if a cell phone had been found. Mr. Beihl provided the name of contacts that were on the same phone that Sergeant Kettler found under the seat of his cruiser. The man was later identified as Timothy Terrance Belle.

Sergeant Kettler also had another unit bring Mr. Beihl to the location where the man was in order for Mr. Beihl to identify him. Mr. Beihl identified the man as the person who had robbed him. Sergeant Kettler further testified that during this time Petitioner indicated that he had just gotten a drink of water from Mr. Beihl and that is why he identified him.

Sergeant Kettler's police report indicates that he performed a *Terry* search but did not find anything that he believed to be a weapon. Petitioner also attached Mr. Beihl's written

- 4 -

statement as well as police reports to support his argument that there were several inconsistencies and/or contradictions.

## II. PETITIONER'S GROUNDS FOR HABEAS CORPUS RELIEF

The Amended Petition asserts two grounds for relief.

1) Petitioner contends his counsel was ineffective in violation of the Sixth Amendment of the United States Constitution and Article III, Section 14 of the West Virginia Constitution.

2) Petitioner contends that his plea was involuntary due to counsel's ineffectiveness.

The first of three threshold tests applied to post-conviction habeas corpus claims requires Petitioner to allege the denial of a constitutional right. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syllabus pt. 4, *State ex rel McMcannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979).

The second and third threshold tests require a determination of whether the claim has been previously and finally adjudicated or waived, and thus barred by W.Va. Code § 53-4A-1(b)(c).

To prevail in post-conviction habeas corpus proceedings the "petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." Syllabus pt. 1, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486 (1966).

## 1) INEFFECTIVE ASSISTANCE OF COUNSEL

The Court concludes that Petitioner has failed to satisfy the first prong set forth in *Strickland v. Washington*, 466 U.S. 668, 04 S.Ct. 2052, 80 L.Ed 674 (1984) that counsel's performance was deficient.

### Discussion – Legal Authorities – Findings of Fact

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). The Court does not need to address both prongs of the test if Petitioner has failed to meet his burden on either one. Syllabus Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

" 'In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error which does not affect the outcome of the case, will be regarded as harmless error.' " Syl. Pt. 1, *State ex rel. Levitt v. Bordenkircher*, 176 W.Va. 162, 342 S.E.2d 127 (1986) (quoting Syl. Pt. 19, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)).

"Before an initial finding will be made that counsel acted incompetently with respect to advising on legal issues in connection with a guilty plea, the advice must be manifestly erroneous." Syl. Pt. 2, *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979).

Petitioner alleges in his Amended Petition that trial counsel was ineffective due to trial counsel leading Petitioner to believe that the evidence against him was "overwhelming" when "several evidentiary issues support reasonable doubt." Petitioner argues that if not for trial counsel's erroneous and ineffective representations he would have gone to trial.

Petitioner argues that Mr. Beihl repeatedly contradicted himself and that these repeated contradictions and inconsistencies cast reasonable doubt. Petitioner asserts that Mr. Beihl contradicted himself regarding the manner in which Petitioner was given a drink of water and whether or not Petitioner was wearing a green robe. Petitioner further asserts that Mr. Beihl was inconsistent on how many times Mr. Beihl was pushed onto the couch, inconsistent regarding the money in the wallet, and that Mr. Beihl's "timing of events is highly debatable." Petitioner also questions other actions of Mr. Beihl during the incident, including getting up from the couch and following the man to the front door when he indicated he was concerned about being beat up. Petitioner also argues that had the man had a towel over his face and dropped it on the porch it would have been found by the police.

Additionally, Petitioner argues that the investigation by law enforcement creates reasonable doubt. Sergeant Kettler indicated in his police report that "patted the subject down for weapons with negative results." The police report indicates that he did feel other items in the pockets, including what he believed to be a cell phone or other solid object in one pocket and paper or money in the other pocket. However, he did not believe these items were weapons.

-7-

Petitioner attempts to make the argument that Sergeant Kettler did not make Petitioner empty his pockets in order to lay the foundation to plant Mr. Beihl's phone in the police cruiser. Petitioner argues that the cell phone and money were never fingerprinted and this "failure to produce fingerprint evidence slightly weakens the State's case."

The Court finds that Petitioner has failed to meet his burden of proof and provide any evidence that Mr. Neiswonger's performance was deficient under an objective standard of reasonableness. Petitioner was the only witness to testify at the evidentiary hearing. No testimony was provided at the hearing to support the allegation that counsel was ineffective or that any alleged inconsistences and contradictions would have caused a jury to find reasonable doubt. One can never predict whether a jury will convict or not.

In accord with the requirements of R.H.C. 9(c)(1) [1999] and W.Va. Code § 53-4A-7(c) [1967], the Court finds Petitioner's ground for relief presented a state and federal right.

## 2) INVOLUNTARY PLEA

The Court concludes that Petitioner has failed to satisfy his burden that his plea was involuntary due to incompetent advice of counsel.

### Discussion – Legal Authorities – Findings of Fact

"Before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error." Syl. Pt. 3, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978).

- 8 -

In as much as Petitioner has failed to establish that counsel acted incompetently, Petitioner has not met his burden to set aside the plea pursuant to Syl. Pt. 3, *State v. Sims*, 162 W Va. 212, 248 S.E.2d 834 (1978).

In accord with the requirements of R.H.C. 9(c)(1) [1999] and W.Va. Code § 53-4A-7(c) [1967], the Court finds Petitioner's ground for relief presented a state and federal right.

### GROUNDS FOR RELEIF EXPRESSLY WAIVED

The Court **FINDS** that the grounds for relief that were not marked by Petitioner on Petitioner, Timothy Belle's Notice of Filing *Losh V. McKenzie* Checklist filed with the Court on February 26, 2015 were expressly waived by Petitioner in accord with the requirements of R.H.C. 9(c)(3) and *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Additionally, Petitioner testified at the omnibus hearing that he waived all grounds except ineffective assistance of counsel and the voluntariness of the plea. Petitioner's express waiver of the grounds for relief initialed by Petitioner on the *Losh* list attached as an Appendix to this Opinion were made knowingly, intelligently, and with the advice of counsel.

This Court does hereby **ORDER:**

1. The Writ of Habeas Corpus sought by Petitioner is **REFUSED.**

2. Petitioner's Amended Petition for Writ of Habeas Corpus is **DISMISSED** from the docket of this Court.

3. If Petitioner desires to appeal this dismissal to the Supreme Court of Appeals and seeks leave to prosecute that appeal *in forma pauperis* and/or seeks the appointment of counsel, Petitioner shall file with this Court a properly completed Notice of Intent to Appeal/Request for Appointment of Counsel form and a properly completed Application

- 9 -

to Proceed *In Forma Pauperis* and Affidavit as set forth in Appendix B of the Rules Governing Post-Conviction Habeas Corpus Proceedings. These materials shall be filed with this Court no later than September 18, 2015.

4. This is a Final Order. The Circuit Clerk shall remove this matter from the docket.

5. The Circuit Clerk shall provide attested copies of this Order to Petitioner, Respondent, and the Clerk of the Supreme Court of Appeals.

ENTER this 19th day of August 2015.

_____
Judge David J. Sims

A copy, Teste:

_____
Brenda L. Miller
Circuit Clerk

- 10 -